UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEIL A. MCGINNIS,<br><br>              Petitioner,<br><br>  v.<br><br>STATE OF WASHINGTON SPOKANE COUNTY JAIL,<br><br>              Respondent. | NO: CV-12-062-RMP<br><br>ORDER DISMISSING PETITION |

By Order filed February 9, 2012, the Court granted Petitioner leave to proceed *in forma pauperis* and directed him to show cause within twenty one (21) days why this action should not be dismissed for lack of jurisdiction. ECF No. 7. Petitioner had failed to name a proper Respondent. *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). The Court also instructed Petitioner to show cause why this action should not be dismissed on the basis of the *Younger* abstention doctrine due to apparent, on-going state court criminal proceedings.

ORDER DISMISSING PETITION -- 1

On March 1, 2012, the Court received a letter from Mr. McGinnis, asserting, "due to the ongoing threats by Police Chief of Spokane and Spokane Jail Commandor [sic] John McGrath, and due to the Jailors assaults and ongoing torture I am deliberately forced by such parties as to involuntarily ask to drop all pending matters before this court." He further states, "Torture is a recorded incident by Jailors as they use computers to initiate the weapons 'ammunition' to dispense its physics to induce malicious inflictions of retaliatory vindictive hate."

Mr. McGinnis' assertions in the letter are not responsive to the Order to Show Cause, ECF No. 7. Furthermore, the Court notes his claims of an elaborate electronic system, allegedly used to torture him, are substantially similar to those claims presented and deemed frivolous in a recent civil rights complaint, cause number CV-11-404-EFS.

If Petitioner wishes to assert claims that specific correctional officers used excessive force against him, he may do so in a separate cause of action for which he will be required to pay the $350.00 filing fee. Petitioner must present a clear and concise statement of facts, including dates and times, showing specific instances when identified Defendants used excessive force.

Petitioner should be mindful an Eighth Amendment violation occurs only when a prison official applied force "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To determine whether the use of force

ORDER DISMISSING PETITION -- 2

was wanton and unnecessary, relevant factors include: "the extent of injury suffered [,] . . . the need for application of force, the relationship between that need and the amount of force used, the threat [to the safety of staff and inmates] 'reasonably perceived by the responsible officials,' and 'any efforts to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986). There is no Eighth Amendment violation if "force was applied in a good-faith effort to maintain or restore discipline. . . ." *Id.*

At this time, **IT IS ORDERED** the present habeas petition is **DISMISSED without prejudice** for lack of jurisdiction. The court will abstain from intervening in any on-going state court criminal proceedings under *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment of dismissal, forward a copy to Petitioner, and close this file The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 21st day of March 2012.

>*s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Chief United States District Court Judge

ORDER DISMISSING PETITION -- 3